


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81203-Dimitrouleas/Matthewman

ZHONGYOU WU, an individual,

    Plaintiff,

v.

JAIME MANUEL SAGRISTA, an individual,
and SHENGRONG ZHU SAGRISTA, a/k/a
Shengrong Zhu, a/k/a Shengrong Sagrista, an individual,

    Defendants.
_____/

JAIME MANUEL SAGRISTA, an individual,
and SHENGRONG ZHU SAGRISTA, a/k/a
Shengrong Zhu, a/k/a Shengrong Sagrista, an individual,

    Counter-Plaintiffs,

v.

ZHONGYOU WU, an individual, and
JIE LIE WU, an individual,

    Counter-Defendant.
_____/

FILED BY KJZ D.C.
Jul 19, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF WRITTEN OPERATING AGREEMENT FOR RELIABLE CHOICE, LLC AND IMPOSE SANCTIONS [DE 96] AND ORDERING SANCTIONS AGAINST DEFENDANT JAIME MANUEL SAGRISTA DUE TO HIS DILATORY AND BAD FAITH CONDUCT IN DISCOVERY**

**AND**

**FURTHER ORDER AWARDING PLAINTIFF ATTORNEYS' FEES, COSTS, AND EXPENSES FROM THE SAGRISTA DEFENDANTS REGARDING THE SAGRISTA DEFENDANTS' MOTION TO QUASH SUBPOENA FOR DEPOSITION DUCES TECUM TO DARLEY A. LIMA [DE 68] WHICH AWARD THE COURT PREVIOUSLY RESERVED JURISDICTION TO RULE UPON [DE 95; DE 103]**

THIS CAUSE is before the Court on Plaintiff/Counter-Defendant Zhongyou Wu's ("Plaintiff") Motion to Compel Production of Written Operating Agreement for Reliable Choice, LLC and Impose Sanctions ("Motion to Compel Operating Agreement"). [DE 96]. Defendants/Counter-Plaintiffs Jaime Sagrista and Shengrong Sagrista (together, "Sagrista Defendants")[1] filed a response [DE 97], and Plaintiff replied [DE 100].

This matter is also before the Court upon consideration of an award of attorneys' fees, costs, and expenses to Plaintiff as a result of this Court's prior denial of the Sagrista Defendants' Motion to Quash Subpoena for Deposition Duces Tecum of Non-Party Darley A. Lima ("Motion to Quash"). [DE 68]. The undersigned reserved jurisdiction to consider the imposition of "sanctions, and/or cost shifting under Fed.R.Civ.P. 37, against the Sagrista Defendants as sought by Plaintiff due to the Sagrista Defendants' alleged dilatory discovery conduct." [DE 95]; *see* [DE 103], and as announced orally on the record.

Having heard argument from counsel, and having carefully reviewed the parties' filings, the entire record, and the governing law, the Court **ORDERS** as follows.

I.  **RELEVANT BACKGROUND**

Plaintiff filed this action for civil conspiracy to commit fraud on August 27, 2019. [DE 1]. In short, the complaint alleges that Plaintiff invested more than $300,000 in Defendants' proposed business. *Id.* Thereafter, Defendants failed to operate the business as agreed, and took the position that Plaintiff has no ownership interest in the company. *Id.*

The Sagrista Defendants countersued and added Jie Lie Wu as a Counter-Defendant, alleging a violation of 18 U.S.C. § 2252(A), for photographing their infant son and toddler daughter purportedly engaged in sexually explicit conduct; intentional infliction of emotional

---

[1] In this Order, when referring to the Sagrista Defendants, the Court is jointly referring to Defendant Jaime Manuel Sagrista and Defendant Shengrong Zhu Sagrista.

distress; interception of the parties' conversations in violation of Florida Statute Section 934.03; unjust enrichment; and quantum meruit. [DE 62].

According to Plaintiff's representations, she served her first set of discovery requests to Defendant on September 29, 2020. [DE 70-3, pg. 3].[2] Plaintiff's First Request for Production to Defendant Jamie Manuel Sagrista, Request No. 8, sought business records of Reliable Choice, LLC, kept in its ordinary course of business, inclusive of its operating agreement, tax returns and reports, and corporate documents pursuant to Chapter 605 Florida Revised Limited Liability Company Act. [DE 70-1, pg. 5-6].[3] Mr. Sagrista's response to Request No. 8 stated that responsive documents in his possession "will be made available for inspection and copying at a mutually agreed upon time[.]" [DE 70-2, pg. 4]. No objections or privileges were asserted by Mr. Sagrista to Request No. 8.

On March 9, 2021, the parties' counsel met and conferred on the discovery owed. [DE 85-3]. During the meet and confer, Defendants' prior counsel, Paullette Christine Deruelle, Esq., advised that no written operating agreement for Reliable Choice, LLC existed. [DE 85-3, pg. 9]. On April 28, 2021, attorney Deruelle retracted that statement and stated that the operating agreement apparently did exist. [DE 96-1]. The following day, on April 29, 2021, Plaintiff's counsel emailed attorney Deruelle requesting the immediate production of the operating agreement. [DE 96-2]. Attorney Deruelle contemporaneously filed a Motion to Withdraw as Counsel for Defendants due to irreconcilable differences between counsel and the Sagrista Defendants. [DE 74].

---

[2] The certificate of service was not included in the attachments containing the discovery request and the subsequent responses.
[3] This Request for Production only sought documents from Mr. Sagrista, and not from Mrs. Sagrista. *See* DE 70-1, pg. 7-11; 16-19. Mr. Sagrista is the "authorized representative" and "registered agent" of Reliable Choice, LLC. [DE 96, pg. 3; DE 96-4].

On April 30, 2021, attorney Jose Javier Teurbe-Tolon, Esq. filed a Notice of Substitution of Counsel for Defendants. [DE 78]. On May 9, 2021, Plaintiff's counsel emailed attorney Teurbe-Tolon regarding the belatedly surfaced operating agreement revealed by prior counsel, attorney Deurelle. [DE 96-3]. On May 10, 2021, attorney Teurbe-Tolon informed Plaintiff's counsel that both the Sagrista Defendants would be invoking the protections against self-incrimination under the Fifth Amendment as it applied to production of the operating agreement. [DE 96-3].[4]

On April 26, 2021, Plaintiff first moved to compel production of the operating agreement of Reliable Choice, LLC, in his Motion to Compel Documents. [DE 70, pg. 4].

While this was all going on, Plaintiff served Reliable Choice, LLC's accountant and tax preparer, non-party Darley A. Lima, with a subpoena duces tecum seeking Mr. Lima's deposition and his production of, *inter alia*, Reliable Choice, LLC's operating agreement. [DE 68-1].

On April 22, 2021, the Sagrista Defendants filed their Motion to Quash, which argued that the subpoena to Mr. Lima should be quashed because (a) Plaintiff failed to tender the required witness fee to Mr. Lima with the subpoena; (b) the subpoena failed to allow Mr. Lima a reasonable time to comply with the requests for documents or for the deposition; (c) the subpoena sought the disclosure of privileged financial information; and (d) the subpoena subjected Mr. Lima to undue burden during tax season. [DE 68]. Plaintiff filed a response [DE 76], and the Sagrista Defendants' replied [DE 86]. The parties were ordered to confer and file a joint notice [DE 69], which they did on May 11, 2021 [DE 91]. In the joint notice, the parties' advised, *inter alia*, that the Sagrista Defendants withdrew their Motion to Quash, and, as for the Motion to Compel Documents, the

---

[4] Although Defendants' new counsel invoked a Fifth Amendment privilege on behalf of Mrs. Sagrista as well as Mr. Sagrista, a review of the record evidence and docket indicates that no request for production of the operating agreement was ever issued to Mrs. Sagrista. Rather, the Court's review of the docket reflects that the request for production of documents giving rise to this dispute regarding the production of the operating agreement of Reliable Choice, LLC, was apparently only issued to Mr. Sagrista. [DE 70-3, pg. 3-4].

only remaining document withheld by the Sagrista Defendants was Reliable Choice, LLC's operating agreement. [DE 91].

On May 12, 2021, the Court held a lengthy hearing on Plaintiff's Motion to Compel Documents, the Sagrista Defendants' Motion to Quash, and other various pending discovery disputes. [DE 92]. At that hearing, despite the representations made in the joint notice [DE 91], it was clear to the Court that many disputes remained regarding the deposition of Mr. Lima. After hearing from counsel, the Court ordered Mr. Lima to produce the operating agreement to Plaintiff pursuant to the subpoena duces tecum for deposition and to sit for deposition on May 21, 2021. [DE 92]. The Court reserved ruling as to Plaintiff's request for production of the operating agreement from the Sagristas; ordered that any operating agreement in the Sagrista Defendants' possession, custody, or control, be preserved; reserved ruling on the Sagrista Defendants' objection to its production pursuant to the belated Fifth Amendment assertion; and reserved jurisdiction on whether to impose sanctions, and/or cost-shifting against the Sagrista Defendants as sought by Plaintiff due to the Sagrista Defendants' alleged dilatory discovery conduct. [DE 95]. The Court also ordered additional briefing on the Sagrista Defendants' belatedly asserted Fifth Amendment privilege against self-incrimination. *Id.*

As a result of the ordered briefing, and as authorized by the Court, Plaintiff filed the Motion to Compel Operating Agreement [DE 96], which became ripe on May 26, 2021. [DE 100]. The Motion to Compel Operating Agreement sought production of Reliable Choice, LLC's operating agreement from its authorized representative and registered agent, Mr. Sagrista. In response, the Sagrista Defendants belatedly argued that the act of producing the operating agreement of Reliable Choice, LLC may constitute, or lead to, incriminating evidence against the Sagrista Defendants and production would constitute an admission that the purported operating agreement of Reliable Choice, LLC exists and that it is in fact a business record of Reliable Choice, LLC. [DE 97].

5

Thereafter, the Court held a discovery status conference on June 1, 2021. [DE 102]. As orally stated on the record and as memorialized in a written order [DE 103], Plaintiff's Motion to Compel Production of Documents [DE 70] was denied as moot, as the only remaining discovery dispute at that time—after extensive Court intervention—related to compelling the production of Reliable Choice, LLC's operating agreement from one or both of the Sagrista Defendants, which is more fully addressed in the Motion to Compel Operating Agreement [DE 96], response [DE 97] and reply [DE 100].

## II.     DISCUSSION AND ANALYSIS

The Court will separate its rulings into two sections. First, the Court will rule on Plaintiff's Motion to Compel Operating Agreement and discuss the sanctions to be awarded as a result of Mr. Sagrista's dilatory and bad faith conduct in discovery by failing to produce the operating agreement in response to Request No. 8, and in light of Plaintiff's Motion to Compel Documents [DE 70] and Plaintiff's Motion to Compel Operating Agreement [DE 96]. Second, the Court will discuss appropriate cost-shifting under Rule 37 related to the Sagrista Defendants' Motion to Quash Mr. Lima's deposition.

### a.  *Compelling the Operating Agreement and Sanctions*

As a preliminary matter, because the authenticity of the original document is at issue in this case, the Court finds that any operating agreement of Reliable Choice, LLC, in the possession, custody, or control of Mr. Sagrista or Reliable Choice, LLC, is relevant and proportional under Federal Rule of Civil Procedure 26(b)(1), despite the fact that Mr. Lima has already produced a copy as previously ordered by the Court. [DE 93]. Plaintiff has the right to seek the operating agreement from Mr. Sagrista to compare it to the version produced previously by the Sagrista Defendants' accountant, Mr. Lima. This is especially true in this case which alleges serious fraud against the Sagrista Defendants.

Next, the Court finds that Mr. Sagrista waived his right to invoke a Fifth Amendment privilege regarding his production of the written operating agreement of Reliable Choice, LLC for several reasons.[5]

First, the usual rule is that failing to serve objections to requests for documents within the time period prescribed by Rule 34(b) operates as a waiver of the objections to production. Fed. R. Civ. P. 34(b)(2)(A-C); *see also* S.D. Local Rule 26.1(e)(2)(A) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived."). Mr. Sagrista had the opportunity to invoke his Fifth Amendment privilege in responding to Request No. 8 since September 2020 but failed to do so until May 10, 2021. [DE 96-3]. Moreover, no motion for protective order was timely filed by Mr. Sagrista based on any claimed Fifth Amendment privilege. Because Mr. Sagrista did not timely raise a privilege objection within thirty days of being served with Request No. 8, he waived his objection under the Federal Rules of Civil Procedure.

Second, the Fifth Amendment is not a self-executing mechanism. *Roberts v. United States,* 445 U.S. 552, 559 (1980). It can be affirmatively waived or lost by not asserting it in a timely fashion. *C&M Inv. Group, Ltd. v. Campbell*, 8:10-CV-394-T-30EAJ, 2011 WL 13186662, at *4 (M.D. Fla. Mar. 7, 2011) ("The Fifth Amendment privilege is waived unless it is <u>timely</u> invoked.") (citing *Rogers v. United States*, 340 U.S. 367, 371 (1951)). Here, the discovery cutoff deadline was June 23, 2021 and this case is set for trial on the two-week calendar commencing on October 18, 2021. [DE 53]. Mr. Sagrista's assertion of a claimed Fifth Amendment privilege

---

[5] The Court's finding of waiver is limited to producing the operating agreement in response to Request for Production No. 8; Mr. Sagrista is not precluded from timely asserting his Fifth Amendment privilege in other testimonial contexts, such as at his deposition and trial. *See Microsoft Corp. v. Silver Star Micro, Inc.*, 1:06-CV-1350-WSD, 2008 WL 115006, at *11 (N.D. Ga. Jan. 9, 2008). If such a privilege is asserted as to any testimony of Mr. Sagrista at a later date, the Court can consider the issue and rule at that time.

occurred over seven months after the request for production seeking the operating agreement was served. As such, Mr. Sagrista waived any Constitutional privilege he may have had in producing the operating agreement by sitting on his rights and failing to timely assert any privilege. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (finding that the defendant waived the Fifth Amendment privilege by not responding to discovery requests and failing to comply with a court order compelling discovery).

Third, the Fifth Amendment privilege can be waived by knowing acts done with awareness of the likely consequences. *C&M Inv. Group, Ltd.*, 8:10-CV-394-T-30EAJ, 2010 WL 11519984, at *2 (citing *In re Bryan*, 645 F.2d 331, 333 (5th Cir. May 18, 1981)). Mr. Sagrista's conduct was clearly dilatory. Mr. Sagrista responded quite evasively—and in bad faith—over a lengthy period of time to Request No. 8. Mr. Sagrista's response to Request No. 8 was that all responsive documents in his possession would be produced. [DE 70-2, pg. 4]. Then, his prior counsel, attorney Deruelle, represented that no written operating agreement for Reliable Choice, LLC existed. [DE 85-3, pg. 9]. Attorney Deruelle later retracted that statement and stated, "it appears there is an operating agreement for Reliable Choice, LLC." [DE 96-1]. Now, after attorney Deruelle promptly moved to withdraw from representing Defendants [DE 74], Mr. Sagrista changed course, and replacement counsel, attorney Teurbe-Tolon, belatedly asserted a Fifth Amendment privilege as to the production of the operating agreement.

It is clear to the Court that Mr. Sagrista's own intentional dilatory and bad faith conduct caused the delay in invoking any alleged privilege because he clearly advanced the false position that no operating agreement existed from September 2020 until April 2021, at which point his prior counsel, attorney Deruelle, advised there was an operating agreement and contemporaneously sought to withdraw from further representation of the Sagrista Defendants. It appears to the Court that Mr. Sagrista was playing games during the discovery process. Mr.

Sagrista appears to have intentionally attempted to hide the existence of the operating agreement from Plaintiff. He cannot now, with new counsel, after falsely denying the existence of any operating agreement of Reliable Choice, LLC for many months, belatedly assert that producing the operating agreement is testimonial and risks self-incrimination. By this conduct, Mr. Sagrista is "guilty of procedural gamesmanship and dilatory tactics that would require a finding of loss of his constitutional protection against self-incrimination." *Brock v. Gerace*, 110 F.R.D. 58, 64 (D.N.J. 1986) (declining to find a waiver of the Fifth Amendment privilege because there was no showing that the defendant was guilty of "procedural gamesmanship and dilatory tactics" or merely invoking the privilege as an "afterthought.").  By his intentional dilatory and bad faith conduct, Mr. Sagrista waived any claimed Fifth Amendment privilege he may have had regarding his production of the written operating agreement of Reliable Choice, LLC.

The Court is also very concerned and troubled by continued and ongoing misrepresentations by Mr. Sagrista and attorney Teurbe-Tolon regarding the existence of the operating agreement. First, as reflected in a letter to Plaintiff's counsel dated April 28, 2021 [DE 96-1], Mr. Sagrista's then-counsel acknowledged that there is an operating agreement for Reliable Choice, LLC. Second, pursuant to this Court's Order [DE 93], the deposition of the accountant and tax-preparer for Reliable Choice, LLC was set for May 21, 2020 and Mr. Lima was ordered to produce the operating agreement at that deposition. Third, Mr. Lima did, in fact, produce a copy of the operating agreement of Reliable Choice, LLC at that deposition. [DE 100, pg. 2-3]. So, it is clear that such operating agreement does, in fact, exist.

Nonetheless, despite the clear evidence that there is an operating agreement for Reliable Choice, LLC, Mr. Sagrista, the authorized representative and registered agent of the company, has repeatedly denied that truth. Most recently, and most disturbing to the Court, is that on May 24, 2021, Mr. Sagrista's new counsel, attorney Teurbe-Tolon, wrote the following in response to the

pending motion: "The existence of an operating agreement of Reliable Choice, LLC is not a foregone conclusion as Defendants/Counter-Plaintiffs have never admitted to the existence of an operating agreement of Reliable Choice, LLC." [DE 97, pg. 11].

So, despite the fact that former counsel stated that the operating agreement existed, and despite the fact that Mr. Lima produced a copy of the operating agreement at his May 21, 2021 deposition, and despite the fact that Mr. Sagrista is the authorized representative and registered agent of Reliable Choice, LLC, Mr. Sagrista and his attorney Teurbe-Tolon represented and wrote in a court filing on May 24, 2021 that the existence of the operating agreement "is not a foregone conclusion" and that the Sagrista Defendants "have never admitted to the existence of an operating agreement of Reliable Choice, LLC." [DE 97 ¶ 11]. Such a position is wholly frivolous and obstructionist. This representation is especially troubling because this statement was made three days after Mr. Lima produced a copy of the operating agreement of Reliable Choice, LLC, at his Court-ordered deposition held on May 21, 2021.

Attorney Teurbe-Tolon, like any officer of the court, owes a duty of candor and honesty to this Court. Mr. Sagrista has attempted to hide, prevent, and obstruct the production of the written operating agreement in this litigation and continues to do so up to this moment. He has been and is acting in bad faith regarding the existence and production of a crucial piece of evidence in this case—the written operating agreement of his company, Reliable Choice, LLC.

Having found that Mr. Sagrista waived his right to assert a Fifth Amendment privilege to producing the operating agreement in response to Request for Production No. 8, he is hereby **ORDERED** to forthwith produce the original and/or any copies of the written operating agreement of Reliable Choice, LLC within his possession, custody or control. Further, as Mr. Sagrista is the authorized representative and registered agent of Reliable Choice, LLC, he is further **ORDERED** to produce the original and/or any copies of the operating agreement held or maintained by

Reliable Choice, LLC, as they are also in his possession, custody, or control. *See Braswell v. United States*, 487 U.S. 99 (1988) (discussing that a collective entity, like a partnership, or a person appearing in a representative capacity who is not subject to prosecution, cannot invoke the privilege); *see also Martinez v. Majestic Farms, Inc.*, 05-60833-CIV, 2008 WL 239164, at *3 (S.D. Fla. Jan. 28, 2008).

Next is the matter of sanctions for Mr. Sagrista's discovery misconduct, dilatory behavior, bad faith, obstructionist conduct, false statements, and misrepresentations as it relates to his failure to timely produce the operating agreement. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (upholding the sanction of dismissal where the sanction was imposed as a result of bad faith litigation misconduct and not as a direct result of the invocation of the Fifth Amendment). As detailed above, Mr. Sagrista's conduct has necessitated two hearings and a myriad of filings, resulting in a waste of the Court's time and unnecessary expense to Plaintiff in pursuing a highly relevant document in this matter. As a result, sanctions are due to be granted against Mr. Sagrista pursuant to Fed.R.Civ.P. 37(a)(5)(A), 37(a)(5)(C), and this Court's inherent authority to sanction bad faith misconduct, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Therefore, Mr. Sagrista is hereby **ORDERED** to pay Plaintiff's reasonable attorneys' fees, expenses, and costs incurred as a result of the following:

(1) Plaintiff's Motion to Compel Documents [DE 70], the Sagrista Defendants' response [DE 85], Plaintiff's reply [DE 70], and the May 12, 2021 hearing as it relates to Plaintiff's effort to obtain the operating agreement of Reliable Choice, LLC  [DE 92]; and

(2) Plaintiff's Motion to Compel Operating Agreement [DE 96]; the Sagrista Defendants' response [DE 97], Plaintiff's reply [DE 100], and the June 1, 2021 hearing as it relates to Plaintiff's effort to obtain the operating agreement of Reliable Choice, LLC  [DE 102].

### b. *Cost-shifting Related to the Sagrista Defendants' Motion to Quash*

Although the Sagrista Defendants ultimately abandoned their misguided effort to stop Mr. Lima's deposition [DE 91] and prevent his production of the operating agreement of Reliable Choice, LLC, this was only accomplished after significant efforts by Plaintiff to set and take the deposition of Mr. Lima and obtain subpoenaed documents from him. The efforts of the Sagrista Defendants to halt and prevent the deposition of Mr. Lima and his concomitant production of documents, including the operating agreement, were frivolous and meritless. As a result of this Court's denial of the Sagrista Defendants' Motion to Quash [DE 103], the Court finds that reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in defending against the Sagrista Defendants' Motion to Quash shall be awarded in favor of Plaintiff and against both Sagrista Defendants pursuant to pursuant to Fed.R.Civ.P. 37(a)(5)(B). The Court finds that the Sagrista Defendants' Motion to Quash was not substantially justified and there are no other circumstances which make an award of expenses unjust in this case. Fed.R.Civ.P. 37(a)(5)(B). The Sagrista Defendants are hereby **ORDERED** to pay Plaintiff's reasonable attorneys' fees, costs, and expenses incurred as a result of the following:

(1) the Sagrista Defendants Motion to Quash [DE 68], Plaintiff's response [DE 76], the Sagrista Defendants' reply [DE 86], and the May 12, 2021 hearing as it relates to the Motion to Quash [DE 92]; and

(2) the joint notice [DE 91].

### III. CONCLUSION

In light of the foregoing, it is **ORDERED** that:

1. Plaintiff/Counter-Defendant Zhongyou Wu's Motion to Compel Production of Written Operating Agreement for Reliable Choice, LLC and Impose Sanctions [DE 96] is **GRANTED** as detailed in this Order. Mr. Sagrista shall produce, as specified above,

    the written operating agreement of Reliable Choice, LLC, and any copies thereof, to Plaintiff **on or before July 30, 2021.**

2. Plaintiff's request for attorneys' fees, expenses, and costs against Mr. Sagrista is **GRANTED** as stated in Section II(a) of this Order. Having found entitlement to an award of attorneys' fees, expenses, and costs in favor of Plaintiff to be paid by Mr. Sagrista pertaining to his failure to produce the written operating agreement of Reliable Choice, LLC, Plaintiff's counsel shall file an affidavit of attorneys' fees, expenses, and costs reasonably incurred as stated in Section II(a) of this Order **on or before August 9, 2021**. Mr. Sagrista shall file a response thereto **on or before August 16, 2021**, and Plaintiff shall file a reply **on or before August 20, 2021**. The Court shall determine the amount of the award detailed in Section II(a) of this Order once the filings ordered above are made by the parties.

3. Plaintiff's request for attorneys' fees, expenses, and costs against both of the Sagrista Defendants is **GRANTED** as stated in Section II(b) of this Order. Having found entitlement to an award of reasonable attorneys' fees, expenses, and costs in favor of Plaintiff to be paid by the Sagrista Defendants as to the Motion to Quash Mr. Lima's deposition, Plaintiff's counsel shall also file an affidavit of reasonable attorneys' fees, expenses, and costs incurred as described in Section II(b) of this Order **on or before August 9, 2021**. The Sagrista Defendants shall file a response thereto **on or before August 16, 2021**, and Plaintiff shall file a reply **on or before August 20, 2021**. The Court shall determine the amount of the award described in Section II(b) of this Order once the filings ordered above are made by the parties.

4. Plaintiff shall ensure the attorneys' fees, expenses, and costs awarded in Section II(a) and those awarded in Section II(b) are clearly specified separately in the affidavit, and

    that the affidavit further address the reasonable attorney time incurred, the reasonable hourly rate of Plaintiff's counsel, and any specific costs or expenses incurred.

5. Based on details set forth in Section II(a) of this Order pertaining to the representations and statements of Defendants' counsel, Mr. Teurbe-Tolon, made in docket entry 97, the Court reserves jurisdiction to address any potential sanctions which might be appropriate against Jose Javier Teurbe-Tolon, Esq. If deemed appropriate, the Court will address this matter in a separate Order to Show Cause and allow counsel an opportunity to fully respond to the Court's concerns.

6. Finally, the Court advises the Sagrista Defendants that failure to comply with this Order may result in all sanctions authorized by Fed.R.Civ.P. 37(b)(2)(A)(i)-(vii), 37(b)(2)(B), and the inherent authority of this Court, including treating this matter as a contempt of court.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of July 2021.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge