UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-cv-81203-DIMITROULEAS/MATTHEWMAN

ZHONGYOU WU, an individual,

    Plaintiff,

vs.

JAIME MANUEL SAGRISTA, an individual,
and SHENGRONG ZHU SAGRISTA, a/k/a
Shengrong Zhu, a/k/a Shengrong Sagrista,
an individual,

    Defendants.
_____/

FILED BY ___KJZ___ D.C.

Sep 29, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER AWARDING ATTORNEY'S FEES TO PLANTIFF AND AGAINST DEFENDANTS

THIS CAUSE is before the Court upon the Affidavit of Attorney's Fees and Costs [DE 129] filed by counsel for Plaintiff/Counter-Defendant, Zhongyou Wu ("Plaintiff") and Counter-Defendant Jie Lie Wu; Defendant/Counter-Plaintiffs, Jaime Sagrista and Shengrong Sagrista's ("Defendants") Objections/Response [DE 130]; and Plaintiff's Reply [DE 133]. This matter was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. [DEs 41, 134]. The Court has carefully reviewed the filings and the Court's prior Orders, as well the entire docket in this case.

## BACKGROUND

On July 19, 2021, the Court entered an Order [DE 107], which, in relevant part, stated that "sanctions are due to be granted against Mr. Sagrista pursuant to Fed.R.Civ.P. 37(a)(5)(A),

1

37(a)(5)(C), and this Court's inherent authority to sanction bad faith misconduct." *Id.* at 11. The Court ordered Mr. Sagrista to pay Plaintiff's reasonable attorneys' fees, expenses, and costs incurred as a result of the following: "(1) Plaintiff's Motion to Compel Documents [DE 70], the Sagrista Defendants' response [DE 85], Plaintiff's reply [DE 70], and the May 12, 2021 hearing as it relates to Plaintiff's effort to obtain the operating agreement of Reliable Choice, LLC [DE 92]; and (2) Plaintiff's Motion to Compel Operating Agreement [DE 96]; the Sagrista Defendants' response [DE 97], Plaintiff's reply [DE 100], and the June 1, 2021 hearing as it relates to Plaintiff's effort to obtain the operating agreement of Reliable Choice, LLC [DE 102]." *Id.*

The Court additionally found that reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in defending against the Sagrista Defendants' Motion to Quash should be awarded in favor of Plaintiff and against both Sagrista Defendants pursuant to Fed.R.Civ.P. 37(a)(5)(B). [DE 107 at 12]. The Court ordered the Sagrista Defendants to pay Plaintiff's reasonable attorneys' fees, costs, and expenses incurred as a result of the following: "(1) the Sagrista Defendants Motion to Quash [DE 68], Plaintiff's response [DE 76], the Sagrista Defendants' reply [DE 86], and the May 12, 2021 hearing as it relates to the Motion to Quash [DE 92]; and (2) the joint notice [DE 91]." *Id.* Finally, the Court set a briefing schedule for Plaintiff to file an affidavit regarding fees, costs, and expenses, as well as for a response and reply to that affidavit. *Id.* at 13-14. Plaintiff was specifically directed to "clearly" specify the attorneys' fees, expenses, and costs and "address the reasonable attorney time incurred, the reasonable hourly rate of Plaintiff's counsel, and any specific costs or expenses incurred." *Id.*

Defendants appealed the Court's July 19, 2021 Order [DE 113], and the District Judge denied the appeal [DE 124]. As the fees issue has been fully briefed, this matter is fully ripe for review.

Plaintiff timely filed the Affidavit of Lisa Hu Barquist [DE 129], in which Ms. Barquist represents that Plaintiff is seeking (1) $30,674.25 in attorney's fees pertaining to Plaintiff's motion to compel the operating agreement and (2) $21,641.00 in attorney's fees and $325 in costs pertaining to Defendants' motion to quash. According to Ms. Barquist, two attorneys and two legal assistants completed the relevant legal work. The attorneys' hourly rates are $410 and $350 per hour, and the legal secretaries' legal rates are $165 and $125 per hour. Ms. Barquist did not attach any billing records to the Affidavit.

In their response [DE 130], Defendants point out that "Plaintiff is seeking $52,640.25 for an alleged 126.05 combined hours expended by two attorneys and 20.75 combined hours expended by two legal assistants in drafting three standard discovery motions limited to five pages and attending two zoom hearings that combined lasted less than ninety minutes." *Id.* at 2. They also argue that there is "no evidence of who did what nor when they did it." *Id.* at 3. Defendants request that this Court enter a reduction of "at least eighty percent and award Plaintiff a total fee not to exceed $10,000.00 which is a fair and reasonable fee for the work actually performed with respect to the matters sanctioned." *Id.* at 6.

In reply, Plaintiff claims that the time spent by his attorneys is reasonable and accurate and that much of the time was spent on meet and confers with opposing counsel. [DE 133 at 3]. Plaintiff states that counsel reasonably expended 126.05 hours on the above discovery issues with Defendants over a 4-month period. *Id.* The Court notes that, while there are a multitude of emails attached to the reply, there are still no time records.

## LEGAL STANDARD

### A.     Attorney's Fees

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

### 1. Reasonable Hourly Rate

According to the Affidavit [DE 129], Lisa Hu Barquist, Esq., who has over 30 years of experience practicing law, bills at a rate of $410 per hour, and T. Scott Tufts, Esq., who has over

20 years of experiencing practicing law, bills at a rate of $350 per hour. [DE 129 at 2]. Legal Assistant Migdalia Petrovich, who has over 30 years of experience, bills at a rate of $165 per hour, and Legal Assistant, Natalia Rocha, who has over three years of experience, bills at a rate of $125. *Id.*

Based upon the record evidence, the docket, and the Court's own experience in assessing the reasonableness of attorney's fees, this Court finds that each of these hourly rates is reasonable. Additionally, the Court notes that Plaintiff has not specifically objected to the hourly rates.

2.      **Number of Hours Reasonably Expended**

Next the Court must determine whether the hours billed were reasonable. Plaintiff's counsel counsel claims to have spent 84.45 hours spent on the motion to compel and meeting and conferring with prior defense counsel on same, as well as 62.35 hours on Defendants' motion to quash and time spent scheduling a deposition. Plaintiff's counsel has provided no billing records or invoices to substantiate the alleged legal work completed. Thus, there is no way for the Court to independently review time entries to determine if the hours claimed are reasonable and if the time spent falls within the scope of recoverable tasks. Given the lack of documentation, and after reviewing both the docket and the Court's own recollection of the discovery disputes in this case, the Court finds that the time claimed is clearly excessive.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *1 (S.D.

Fla. Oct. 20, 2017). Here, the undersigned finds that an across-the-board reduction in hours is appropriate to account for the excessive hours billed. The Court will reduce the hours claimed by 70%. Therefore, Plaintiff is entitled to an attorney's fees award in the amount of $9,202.28 against solely Defendant Jaime Manuel Sagrista (relating to the motion to compel). Plaintiff is also entitled to an attorney's fees award in the amount of $6,492.30 against both Defendant Jaime Manuel Sagrista and Defendant Shengrong Zhu Sagrista (relating to the motion to quash).

### B.    Costs

Plaintiff is seeking $325.00 in costs incurred when Plaintiff retained a process server to serve a subpoena on Mr. Lima and he allegedly repeatedly dodged service. Plaintiff has provided no invoice from the process server and has failed to provide any explanation whatsoever of the attempts to serve Mr. Lima, how long the process server spent trying to serve Mr. Lima, or how much the process server charged per hour. Therefore, there is no way for the Court to determine the alleged evasion of service or the reasonableness of the costs incurred. The costs are, thus, not recoverable.

### CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Jaime Manuel Sagrista is ORDERED to pay, and shall pay, Plaintiff's attorney's fees in the total amount of $9,202.28.
2. Defendant Jaime Manuel Sagrista and Defendant Shengrong Zhu Sagrista are ORDERED to pay, and shall pay, Plaintiff's attorney's fees in the total amount of $6,492.30.
3. Defendants are ORDERED to make such payment to Plaintiff's counsel on or before **October 20, 2021**. The payment shall be made to the trust account of Lisa Hu Barquist,

Esq., L5 Law Firm, and delivered or mailed to the Trust Account of Lisa Hu Barquist, Esq., L5 Law Firm, so that it is received by the due date.

4. On or before **October 25, 2021**, Plaintiff's counsel shall advise the Court whether the payment has been made in full by Defendants as directed in this Order. If payment has not been made in full, Plaintiff shall have leave to file a motion seeking appropriate further relief.

**DONE AND ORDERED** in Chambers this 29th day of September 2021 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

*[Signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge